Dear Chief Gibson:
Your question to this office is in reference to La.R.S. 40:2405.4, state law which requires a peace officer hired by a law enforcement agency on or after August 15, 2003 to provide the agency with a DNA sample prior to the commencement of his duties. You state that several police officers currently employed by your department have not submitted DNA samples, which prompts you to ask if it is within your authority to require these officers to now submit DNA swabs.
La.R.S. 40:2405.4(A) provides ". . . any person being hired as a peace officer with a law enforcement agency on or after August 15, 2003, shall provide the law enforcement agency with a sample of his DNA material and fingerprint prior to the commencement of the discharge of his duties." Further, La.R.S. 40:2405.4(C) states "any person hired as a peace officer with a law enforcement agency on or after August 15, 2003, shall have his DNA tested by the taking of a biological sample . . ."
La.R.S. 1:3 is a rule governing statutory construction which provides "the word `shall' is mandatory and the word `may' is permissive."
Thus, it is the opinion of this office that the use of the word "shall" in La.R.S. 40:2405.4(A) means that a peace officer currently being hired by the department must provide a DNA sample prior to the commencement of the discharge of his duties. Further, it is also the opinion of this office that the use of the word "shall" in La.R.S. 40:2405.4(C) means that a peace officer currently employed by your department who was hired on or after August 15, 2003 must submit a DNA *Page 2 
sample, notwithstanding that no sample was taken prior to the commencement of his job responsibilities.
However, we point out here that La.R.S. 40:2405.4(B) provides "any person currently employed as a peace officer and employed in that position prior to August 15, 2003, may elect to provide the law enforcement agency with which he is employed with a sample of his DNA material." Here, the use of the word "may" is permissive. Accordingly, it is the opinion of this office that those peace officers currently employed by your department who were employed prior to August 15, 2003, are not required to submit a DNA sample, although they may voluntarily submit a sample.
Finally, we point out that pursuant to La.R.S. 40:2405.4(1)(2), the provisions of La.R.S. 40:2405.4 are applicable to peaceofficers, as that phrase is defined by La.R.S. 40:2402(3)(a):
 (3)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL,
 BY:__________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg